KAREN L. LOEFFLER
United States Attorney

SUSAN LINDQUIST
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
CA Bar No. 171439

Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:16-cv- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| DANIEL STANG, EDWARD STANG, MICHAEL MURPHY, and DOUGLAS DOYLE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1.      This is an action brought by the United States of America on

behalf of Karen Bahnke, an Alaska native, who owns a restricted Native

allotment, F-1050B, more particularly described as Lot 1, U.S. Survey

No. 8877 and Lot 1, U.S. Survey No. 8979. The government seeks the recovery of money damages for wrongful timber trespass and damages for tree cutting and removing shrubs.

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1353. The United States has authority to represent Bahnke's interests under 25 U.S.C. § 175.

3.     Venue is appropriate because the land, which is the subject matter of this action, is located in Council, Alaska. Three of the named Defendants are located within the District of Alaska.

4.     Daniel Stang ("Stang") is a resident of Nome, Alaska. Michael Murphy is a resident of Council, Alaska. Edward Stang is a resident of Nome, Alaska. Douglas Doyle is a resident of Oregon, but he frequently visits Council, Alaska.

## FACTUAL ALLEGATIONS

5.     Karen Bahnke owns a restricted Native allotment in Council, Alaska, that is located between the road and the river.

6.     Upon information and belief, Daniel Stang owns a lot that is almost directly across the street from Bahnke's allotment.

7.    In October, 2013, the United States sued Stang for trespass on Bahnke's allotment, in case number 3:13-cv-00190-HRH.

8.    The Court found that Stang had trespassed.

9.    The parties agreed to allow Stang to remove his buildings from the allotment before July 31, 2015.

10.    On June 18, 2015, government counsel emailed Stang's attorney, stating that Stang was limbing trees on the allotment and that he had to stop.  Government counsel informed the attorney that the trees belonged to Bahnke.

11.    On June 29, 2015, government counsel emailed Stang's attorney, stating that Stang's friend, Michael Murphy, was removing dirt from the allotment and that he had to stop.

12.    On July 13, 2015, Government counsel informed Stang's attorney that Stang had cut down almost all of the trees on Bahnke's allotment.

13.    To move his house and other buildings, Stang had to cut down some trees.  Stang needed to cut down one spruce tree at the entrance to the main house, one large cottonwood (with birdhouse) in the center of the yard, and three cottonwoods next to the bath house and garage.

14.     Stang did not need to cut down 17 trees that were not near the buildings to be moved.

15.     Stang also removed all the shrubs.  Stang did not need to remove all of the shrubs in order to remove his buildings.

16.     Although Stang did not personally cut down the trees, he was on the allotment the day the trees were cut.  He directed the other three Defendants to cut the trees and remove the shrubs.

17.     Michael Murphy and Douglas Doyle did the majority of the cutting with a chain saw.

18.     Stang's son, Edward Stang, provided major assistance in removing the trees.  Upon information and belief, he moved the cut trees onto Stang's lumber pile across the street, or to the dump.

## COUNT I

## TRESPASS BY CUTTING OR INJURING TREES OR SHRUBS

19.     Plaintiff incorporates by reference all foregoing paragraphs 1-18.

20.     Defendants, individually and/or collectively, committed a timber trespass on Bahnke's property.

21.     Defendants, individually and/or collectively, cut 17 trees on Bahnke's allotment.

*USA v. Daniel Stang, et al.*
Case No. 3:16-cv-                    4

22.     Defendants, individually and/or collectively, cleared all shrubs from Bahnke's allotment.

23.     The Defendants did not need to cut 17 trees in order to move buildings from the property.  The Defendants did not need to clear all shrubs in order to move the buildings from the property.

24.     Trespass also occurs when an individual causes a third person or persons to enter onto the land and encourages them to act.  Stang encouraged the other three Defendants to cut the trees and remove the shrubs.

25.     These actions were a violation of the Federal common law of trespass, which governs trespass on a Native allotment.

## COMPENSATORY DAMAGES AGAINST ALL DEFENDANTS

26.     Plaintiff incorporates by reference all foregoing paragraphs 1-25.

27.     Bahnke inherited the recreational property from her father and has used it all her life.  Four generations of her family have used the allotment.  Now her children and grandchildren use it with her.  She intends that the land will remain with the family for many generations.

28.     Bahnke seeks restoration and reforestation damages, as allowed by federal common law, so that her lot can again have trees to beautify the property and roots to prevent erosion.  The lost trees were especially valuable

*USA v. Daniel Stang, et al.*
Case No. 3:16-cv-               5

due to their relative rarity in Council, Alaska, which has an extreme climate and high latitude.

29.    Bahnke valued the large cottonwood trees that Stang and the other Defendants cut down because they consume excess water and prevent septic tank overflow.  Stang's leach field is only 75 feet from Bahnke's house.

30.    Defendants' actions, individually and/or collectively, destroyed the beauty of the land immediately surrounding Bahnke's house.

31.    Bahnke has a reason personal to restore the property to its prior condition.  She intends to restore the property by replanting the 17 trees and the lost shrubs.

## PUNITIVE DAMAGES AGAINST DANIEL STANG

32.    Plaintiff incorporates by reference all foregoing paragraphs 1-31.

33.    Stang owns property across the street from Bahnke's allotment and moved his own house and buildings to that property.

34.    The trees on Bahnke's property blocked Stang's view of the river.

35.    Upon information and belief, Stang cut down and/or caused others to cut down all of the trees and shrubs that blocked his view of the river.  Stang's actions were voluntary and intentional.

*USA v. Daniel Stang, et al.*
Case No. 3:16-cv-                        6

36.     Trees grow slowly in Council, Alaska.  By cutting the trees, he could have an unobstructed view for the rest of his life.

37.     At the time that he caused the trees to be cut, Stang knew that Bahnke objected to limbing the trees.  He knew that Bahnke had asserted that the trees on the allotment belonged to her.  He knew that Bahnke had informed him, directly or through his attorney, to cease limbing the trees.

38.     Stang's acts were outrageous and done with malice and bad motives.

39.     Stang acted with reckless indifference to the interests of the allotment owner, Bahnke.

40.     Stang acted with knowledge that Bahnke would be harmed by his actions and he would profit from his actions.

41.     The government seeks the maximum amount of punitive damages allowed under federal common law.  By direct application or analogy, the Court should award a minimum of treble damages, as provided by the Alaska timber trespass statute, AS 09.45.730.

## PRAYER FOR RELIEF

WHEREFORE, the government prays that the Court enter its judgment ordering the Defendants to do the following:

*USA v. Daniel Stang, et al.*
Case No. 3:16-cv-                    7

1. To award compensatory damages in the form of restoration damages, including the cost to purchase replacement trees and shrubs transport them to Council, Alaska, and professionally plant them;

2. To award punitive damages against Daniel Stang for his voluntary and intentional act of cutting the trees and shrubs and for the aggravation, pain and suffering that Bahnke has sustained as a result of his actions;

3. To award pre-judgment and post judgment interest, in an amount not determinable at this time, on all damages awarded to Bahnke. Prejudgment interest only runs on the compensatory portion of the award;

4. To award the United States its costs and attorney's fees; and

5. To provide any further relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED on August 1, 2016, at Anchorage, Alaska.

KAREN L. LOEFFLER

United States Attorney

/s Susan J. Lindquist
Assistant U. S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-3378
Fax: (907) 271-2344
E-mail: susan.lindquist@usdoj.gov
CA Bar No. 171439

*USA v. Daniel Stang, et al.*
Case No. 3:16-cv-                    9